## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
BRIAN A. JACOBS
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION
212-880-9500
eabramowitz@maglaw.com

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
DANIEL F. WACHTELL

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

May 24, 2018

**By Facsimile and ECF**

The Honorable Petrese B. Tucker
United States District Judge
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

   Re: *United States v. Devos Ltd. et al.*, 14-cr-574 (PBT)

Dear Judge Tucker:

  On behalf of all Defendants in the above-captioned matter (the "*Devos* case"), we write to notify the Court of a recent decision of the United States Court of Appeals for the Second Circuit that bears directly upon the issues the Defendants have raised in the post-trial motions that are pending before the Court.[1]

  In *United States v. Litvak*, __ F.3d __, 2018 WL 2049677 (2d Cir. May 3, 2018), the Second Circuit vacated the conviction of bond trader Jesse Litvak on the ground that a lay witness had improperly been permitted to testify regarding his subjective opinion on a matter of law, holding that the witness's views were both irrelevant and prejudicial. The same conclusion follows here, where the government repeatedly elicited the irrelevant, subjective, confusing, and unduly prejudicial views of lay witnesses regarding legal matters relating to contractual interpretation, including their interpretation of the Return Authorization forms and of the other contracts that governed the relationships between Guaranteed Returns and its customers.[2]

---

[1] We respectfully submit this letter memorandum to address new authority that supports the arguments advanced in the memoranda of law accompanying the Defendants' post-trial motions. If the Court prefers that we convert this letter into a formal supplemental memorandum of law, we will do so promptly.

[2] At trial in this matter, the government further compounded the prejudicial impact of its improper lay witness testimony by: (a) successfully precluding the Defendants' introduction of expert testimony regarding matters of contract interpretation (which, unlike the testimony of the

Morvillo Abramowitz Grand Iason & Anello P.C.

The Honorable Petrese B. Tucker
May 24, 2018
Page 2

      By way of background, we note that the Second Circuit's recent decision in the *Litvak* case turned principally upon whether or not the defendant's admitted misstatements to his counterparties in the bond trading field were material and therefore could support a criminal conviction of fraud. In seeking to prove materiality, the government proffered the testimony of several counterparty traders, most of whom admitted on cross-examination that they viewed the defendant as an arms-length negotiating party whose statements should be viewed through a skeptical lens. One trader, however, testified that he believed Litvak was serving as his agent, and that he therefore relied upon Litvak's statements. Despite acknowledging to the court and the jury that Litvak *was not* in fact the counterparty's agent, the government argued that the trader's view of the law would assist the jury in determining whether the defendant's statements were material, because it would allow the jury to conclude that the trader viewed Litvak as trustworthy. After extensive deliberations, the jury acquitted the defendant on all charges except the one affected by the challenged testimony.

      In permitting the trader to testify to his view of the parties' legal relationship, the district court held prior to trial that "any prejudice was unlikely because [the trader] would be 'testifying to [his] own point of view.'" *Id.* at *6 (quoting *United States v. Litvak*, No. 13-cr-19, Order on Motion in Limine (D. Conn. June 28, 2016), at 4). On appeal, however, the Second Circuit sharply disagreed, holding that the lay opinion testimony was so prejudicial as to require vacatur under Federal Rule of Evidence 403. "At best," explained the court, "[the trader's] testimony about the supposed agency relationship had a high probability of confusing the jury by asking it to consider as relevant the perception" of a lay witness that was "entirely wrong." *Litvak*, 2018 WL 2049677, at *10. But, "[a]t worst, [the trader's] testimony on an agency relationship would mislead the jury based on the government's argument that" the mistaken impression proved the statements to be material. *Id.* As such, the court held, "[t]he government's concept of subjective trust as evidence of materiality became a back door for the jury to apply the heightened expectations of trust that an agency relationship carries." *Id.* at *11.

      Although focused in part on agency law issues in the bond trading field, the decision in *Litvak* is powerfully relevant to the arguments that the Defendants in the *Devos* case raised before the Court both during trial and in their post-trial motions. In the *Devos* trial, lay

---

government's lay witnesses, would have accurately described the law), and (b) convincing the Court not to instruct the jury as to fundamental rules of contract law, the accuracy of which instructions the government did not even dispute. In opposing these efforts on the government's part, the Defendants relied at the time on an earlier appeal in the *Litvak* case, the decision on which is published at 808 F.3d 160 (2d Cir. 2015). *See* Supp. Opp. to Mot. to Exclude Expert Testimony, Dkt. No. 270, at 4. In that earlier decision in the *Litvak* series of appeals, the Second Circuit vacated Litvak's first conviction because, among other things, the district court had improperly excluded an expert witness who was slated to testify on Litvak's behalf regarding the legal issue of agency, but allowed the lay witnesses to testify as to their view on the legal issue. As the Second Circuit held, exclusion of the expert testimony was error because, "[w]hile the issue of whether Litvak was acting as agent or principal is not an element of any offense charged, Litvak posits that this proposed testimony bore on both materiality and fraudulent intent." *Litvak*, 808 F.3d at 186.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

The Honorable Petrese B. Tucker
May 24, 2018
Page 3

witnesses, including pharmacists and sales personnel, were repeatedly asked by the government to testify regarding their subjective view of the meaning of Guaranteed Returns' contracts. *See* Mar. 7, 2017 Tr. at 133-135; Feb. 9, 2017 Tr. at 78. As the Defendants argued at trial, and would have proved through the testimony of excluded witness Professor Claire Finkelstein, the lay witnesses' opinions regarding the interpretation of the contracts were almost uniformly legally incorrect – the contracts did not, as a matter of law, require Guaranteed Returns to provide indate management services to its customers. *See generally* Mot. for Judgment of Acquittal or New Trial, Dkt. No. 344-1 ("Post-Trial Motion"), at 113-125. The government nevertheless elicited just such inaccurate testimony from a number of its witnesses, on the premise that the witnesses were "testifying regarding their understanding of the contracts." Feb. 9, 2017 Tr. at 77:8-11. But, as the Second Circuit in *Litvak* held, the testimony of a lay person regarding his or her "point of view" on a legal issue – particularly (but not only) where, as here, the point of view is incorrect – "ha[s] a high probability of confusing the jury by asking it to consider [the opinion] as relevant."[3]

The lay witness opinions that the government elicited in the *Devos* trial were irrelevant, and merit a new trial under the reasoning of the *Litvak* decision, for the additional reason that they had no bearing on the key issue at hand: the Defendants' intent. The government's clear purpose in introducing this testimony was for the jury to conclude that, because the lay witnesses did not believe the contracts permitted Guaranteed Returns to keep the indates, the Defendants must have participated in a scheme to defraud and could not possibly have thought in good faith that they were permitted to retain the refunds for indated drugs. *See* Mar. 7, 2017 Tr. at 134:8-17. But, as the Defendants argued at trial and in their post-trial motions, this is not a reasonable inference. *See* Post-Trial Motion at 120-121. Indeed, the subjective understanding of one person regarding the meaning of a contract simply has no "tendency" to make the intent of another individual "more or less probable than it would be without the [testimony]." Fed. R. Evid. 401. For that reasons as well, the lay witness testimony that the government elicited in the *Devos* trial was not only incorrect, but also irrelevant and confusing, and should have been precluded on multiple grounds.

There can also be no doubt that the Defendants in the *Devos* trial suffered significant and undue prejudice from the admission of the lay witnesses' incorrect and irrelevant testimony relating to the company's contractual relationships with its customers. The testimony elicited by the government bore directly upon – and attempted to undermine, without any factual or legal basis – the core of the defense at trial. The Defendants' defense rested significantly on the

---

[3] Importantly, while it is the Defendants' position that the lay opinions of government witnesses in the *Devos* trial were inaccurate as a matter of law (and while the government effectively conceded this point by offering no objection to the accuracy of the Defendants' proposed jury instructions regarding contract law), a new trial would be required even if the legal conclusions of the governments' witnesses were correct. In fact, although the *Litvak* court faced a situation in which the lay testimony was concededly wrong, a lay witness's testimony as to his or her interpretation of a contract is irrelevant whether or not it is correct, because the witness simply is not qualified to opine on the matter under Federal Rule of Evidence 701. *See* Feb. 9, 2017 Tr. at 76-77.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

The Honorable Petrese B. Tucker
May 24, 2018
Page 4

position that Guaranteed Returns' contracts permitted it to retain customers' indate refunds, unless the customers expressly bargained for and were contractually guaranteed indate aging services. The government repeatedly argued to the jury that the Defendants' position was so contrary to common sense that in fact the contractual provisions were part of, and proved, the fraud scheme alleged. *See, e.g.*, Mar. 20, 2017 Tr. at 39-40. The government's argument in this regard rested in significant part on the testimony of the lay witnesses as to their interpretations of the contracts. *See id.* at 39-44. Thus, as in *Litvak*, the lay witnesses' opinions thereby served as a "back door" for the government to argue that the contracts did not permit the challenged conduct, that the Defendants could not have believed that their conduct was contractually permitted, and that the Defendants acted in bad faith. *Id.*; *see also* Post-Trial Motion at 120 & n.40.

Indeed, the admission of the lay witnesses' irrelevant testimony was even more damaging here than in the *Litvak* case. The court in *Litvak* instructed the jury that the witness's testimony was legally baseless. Here, by contrast, the Defendants were precluded both from introducing the testimony of an expert witness who would have proven the inaccuracy of the lay opinion testimony, and from providing the jury with contract law instructions that would have corrected the misconceptions that the government and its lay witnesses so repeatedly advanced. For these reasons, the recent *Litvak* decision underscores what the Defendants have long argued: that the lay witness testimony the government elicited regarding the interpretation of Guaranteed Returns' contracts was incorrect and improper; that the harm from this impropriety was aggravated by the exclusion of contrary evidence and jury instructions proffered by the defense; and that the jury's verdict must therefore be set aside.

Finally, as they have already argued in their post-trial motions, Post-Trial Motion at 123-24, the Defendants note that the above-described errors relating to the government's elicitation of lay witness testimony on contract law issues undermine not only the fraud convictions in the *Devos* trial, but in fact require that all of the counts of conviction be vacated. Indeed, if the improper lay witness testimony had been excluded and the jury had been informed of the governing principles of contract law, the lack of an intent to defraud would have undermined the money laundering conviction (because there were no fraud proceeds to launder and no motive to conceal), the theft of government property convictions (because there could have been no intent to steal that which the Defendants were entitled to retain), and the obstruction of justice and false statements convictions (because the Defendants had nothing to hide).

Morvillo Abramowitz Grand Iason & Anello P. C.

The Honorable Petrese B. Tucker
May 24, 2018
Page 5

      For all of the foregoing reasons, the Defendants respectfully request that, in ruling upon the Defendants' post-trial motions, the Court consider the analysis of the *Litvak* case as providing yet another reason why the Defendants' motions for a judgment of acquittal and/or a new trial pursuant to Federal Rules of Criminal Procedure 29(c) and 33 should be granted.

                                   Respectfully submitted,

                                   Elkan Abramowitz

cc:    Assistant U.S. Attorneys Patrick Murray and Nancy Rue (by ECF)
        All Defense Counsel (by ECF)